## Margaret W. Smith, Appellee, v. O'Bannon Smith, Appellant.

1. DIVORCE—*how adultery may be established.* Adultery may be inferred from circumstances that lead to it by fair inferences as a necessary conclusion, or from such circumstances as would lead the guarded discretion of a reasonable man to the conclusion.

2. DIVORCE—*what evidence competent upon issue of drunkenness.* Evidence of intoxication since the filing of the suit is competent not to show the substantive cause but to show a continuing habit.

Divorce. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed June 14, 1908.

JAMES A. CONNOLLY and JAMES Y. KELLY, for appellant.

GRAHAM & GRAHAM and PATTON & PATTON, for appellee.

PER CURIAM. This is a bill for divorce by appellee against appellant charging him with habitual drunkenness for the space of two years, extreme and repeated cruelty and with having committed adultery. The defendant answered denying each and all of said charges. Upon a trial of the issues thus joined the jury returned a verdict finding the defendant guilty of habitual drunkenness and extreme and repeated cruelty and, by special findings, of adultery with certain women at specified times and places. The court thereupon entered a decree in accordance with the verdict and granting a divorce.

The evidence shows that the parties were married January 10, 1895, and lived together as husband and wife until July 1906. The testimony of the witnesses called by appellee tended to show that about the year 1893, appellant began using intoxicating liquor to excess and finally acquired and had ever since continued to have the fixed habit of so doing. The evidence of a

number of witnesses called in his behalf, and who were more or less intimately associated with him, testified that while he occasionally drank intoxicating liquor, they had never seen him do so to excess. There was also evidence adduced by him which tended to show that in the year 1898, as the result of an accident to appellant, it became necessary to amputate one of his legs; that from the use of morphine in connection with such surgical operation he acquired what is known as the morphine habit, with which he continued to be afflicted, until the date of the filing of the bill, and that on several of the occasions whereon the witnesses for appellee testified that he was drunk, he was merely in a condition of stupor caused by the use of morphine or head-ache powders. Upon this issue it will suffice to say that we are fully satisfied after a thorough and careful examination of the evidence, which it will serve no useful purpose to rehearse or discuss, that the jury were fully justified in finding that appellant had acquired and for the period of over two years prior to the filing of the bill, continued to have the habit of frequently becoming intoxicated, and was an habitual drunkard within the meaning and intendment of the statute.

The evidence further discloses that on several occasions prior to the filing of the bill, appellant was in the company of lewd women at times and places which afforded the opportunity for indulgence in sexual intercourse with them, and further that both he and they had an intent or disposition in that direction. We do not feel that we would be justified in holding that such disposition, his association with lewd persons, and visits to disreputable resorts were manifestly insufficient to warrant the inference of guilt drawn therefrom by the jury, particularly in view of the fact that the chancellor who had a like advantage with the jury in hearing and seeing the witnesses, has approved of their finding upon that issue. Adultery may be inferred from circumstances that lead to it by fair inference as a necessary conclusion, or from such cir-

cumstances as would lead the guarded discretion of a reasonable and just man to the conclusion. Stiles v. Stiles, 167 Ill. 576; Heyman v. Heyman, 210 Ill. 524. A majority of the court are of the further opinion that the evidence relative to extreme and repeated cruelty toward appellee warranted the jury in finding appellant guilty of that offense substantially as charged in the bill.

The evidence as to the episode at the so-called theatre in Springfield after the bill was filed, was competent as tending to prove the charges of habitual drunkenness. It is fair to presume that a married man possessing the education and business and social standing of appellant would not knowingly have visited a place of that character while in a normal condition of sobriety. Evidence of intemperance since the filing of the suit is competent, not to prove a substantive cause, but to show a continuing habit. 3 Elliott on Evidence § 2037.

The given instructions when considered together fully and fairly presented the law applicable to the facts.

The decree of the Circuit Court is affirmed.

*Affirmed.*